IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JBS CARRIERS, INC., )<br>)<br>    Plaintiff, )<br>) Case No. 12-1040-DRH-PMF<br>v. )<br>)<br>EJA TRUCKING, INC., and )<br>EDIN KARAHODZIC, as Personal ) JURY TRIAL DEMANDED<br>Representative of the Estate of )<br>HASIB KARAHODIZIC, )<br>)<br>    Defendants. ) | |

## COMPLAINT

Plaintiff, JBS Carriers, Inc., ("JBS" or "Plaintiff") through its attorneys, John S. McCollough of HeplerBroom LLC and William C. Brittan of Campbell Killin Brittan & Ray, LLC, herein files its Complaint against the Defendants EJA Trucking, Inc., ("EJA") and Edin Karahodzic, as Personal Representative of the Estate of Hasib Karahodzic, ("Karahodzic") (collectively EJA and Karahodzic are termed "Defendants"):

### JURISDICTION AND VENUE

1. JBS is a Delaware corporation with its principal place of business located at 2401 2nd Avenue, Greeley, CO 80631.

2. EJA Trucking is a Missouri corporation with its principal place of business at 6040 Baumgartner Industrial Drive, St. Louis, MO 63129.

3. Edin Karahodzic, as Personal Representative of the Estate of Hasib Karahodzic, is a resident of the state of Missouri. Prior to his death, Hasib Karahodzic resided at 4623 Candace Dr., St. Louis, Missouri.

4. A probate case for the Estate of Hasib Karahodzic is currently pending in the 21st Judicial District Circuit Court, St. Louis County, Missouri under Case Number 12SL-PR00962. Edin Karahodzic has been appointed as the Personal Representative of the Estate.

5. This action relates to an accident which occurred on March 17, 2012 on I-70, near the exit for Brownstown, Illinois.

6. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a) since there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

7. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to this claim occurred in this District.

**GENERAL ALLEGATIONS**

8. JBS is an entity involved in the interstate transport of goods, primarily via semi/tractor-trailer.

9. On March 17, 2012, Orenthio Thompson, an employee of JBS, was transporting a load of goods from the Effingham, Illinois area to Colorado via I-70 in Illinois.

10. During his trip, Mr. Thompson pulled on to the shoulder of I-70 near the exit for Brownstown, Illinois. After a short stop, Mr. Thompson continued his journey, pulling back on to I-70 in the right hand/through lane.

11. After Mr. Thompson was fully established in the right hand through lane, his vehicle was struck in the rear by a tractor-trailer driven by Hasib Karahodzic. Mr. Karahodzic took little or no evasive action to prevent the collision of his vehicle with that driven by Mr. Thompson.

12. Upon information and belief, Mr. Karahodzic was an employee of EJA and was acting within the course and scope of his employment at the time of the incident. In the alternative, EJA was responsible for Mr. Karahodzic under the rules and regulations of the Department of Transportation ("DOT") for the United States government.

13. As a result of the collision between the vehicles, JBS suffered damage to its trailer and the contents of the trailer, which damages exceed $100,000.

### FIRST CLAIM FOR RELIEF
### (Negligence)

14. Plaintiff adopts and restates all prior paragraphs as though fully set forth herein.

15. The decedent, Hasib Karahodzic, and EJA owed a duty to JBS and Mr. Thompson to operate the Karahodzic vehicle in a safe and reasonable manner.

16. Hasib Karahodzic and EJA failed to comply with this duty, and their failure resulted in the damage suffered by Plaintiff.

17. Plaintiff requests that it be awarded damages as more fully set forth below.

### SECOND CLAIM FOR RELIEF
### (Negligence Per Se)

18. Plaintiff adopts and restates all prior paragraphs as though fully set forth herein.

19. Following the collision, an investigation was performed by personnel at the scene. This investigation revealed that Hasib Karahodzic was in violation of two Regulations of the DOT: 395.3(a)(1), 11 hour rule violation and 395.3(a)(2), 14 hour rule violation.

20. Because of information in its possession from this trip and prior trips driven by Hasib Karahodzic, EJA either knew, or should have known that Hasib Karahodzic was and had been in violation of DOT Regulations 395.3(a)(1) and 395.3(a)(2).

21.     As a direct and proximate result of the Defendants' failure to comply with these and other DOT Regulations, the collision occurred between the vehicles and JBS suffered the damages alleged.

Wherefore, the Plaintiff JBS Carries, Inc. requests that this Court enter judgment in its favor and against the Defendants in an amount which compensates Plaintiff for its damages, and for all such other relief which this Court deems appropriate and just, including, but not limited to an award of pre-judgment and post-judgment interest and costs.

**PLAINTIFF DEMANDS A JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted on September 27, 2012.

HEPLERBROOM LLC

By:    /s/ *John S. McCollough*
John S. McCollough, #06197649
Melissa R. Null, #06287850
211 N Broadway, Suite 2700
St. Louis, MO 63102
314-241-6160
314-241-6116 fax
jsm@heplerbroom.com
mn1@heplerbroom.com
*Attorney for Plaintiff*

William C. Brittan, #6182554
270 Saint Paul Street, Suite 200
Denver, CO 80206
303-322-3400
303-322-5800 fax
bbrittan@ckbrlaw.com
*Attorney for Plaintiff*