IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDIN KARAHODZIC and
EDIN KARAHODZIC, as
Personal representative of the
Estate of HASIB KARAHODZIC,

        Plaintiffs,

vs.

JBS CARRIERS INC. and ORENTIO        Case No. 12-cv-1040-DRH
THOMPSON,

        Defendants.

## ORDER

**HERNDON, District Judge:**

This matter comes before the Court on defendant JBS Carriers, Inc. and Orentio Thompson's motion for stay and approval of supersedeas bond (Doc. 194). Plaintiff filed a response opposing the motion (Doc. 196). For the following reasons, the Court **GRANTS** defendant's motion conditioned on the Court's approval of the bond to be submitted by the defendants.

### I. Background

Following trial, the jury returned a verdict in favor of the plaintiffs Edin Karahodzic individually, and as personal representative of the Estate of Hasib Karahodzic ("the Estate") (Doc. 170), On the Estate's wrongful death claim, the jury awarded damages of $5 million dollars and attributed 45% of the fault to the decedent, Hasib Karahodzic, and 55% of the fault to defendants.  On Edin

Karahodzic's individual claim the jury awarded damages of $625,000 dollars. The Court entered judgment on October 18, 2016 (Doc. 182)

Thereafter, on November 16, 2016, defendants appealed the judgment (Doc. 184). Subsequent to filing the notice of appeal, the defendants filed the pending motion to stay and approve supersedeas bond on December 2, 2016(Doc. 194). Defendants request that the Court enter an order staying the execution of the Court's judgment by superseadeas bond in the total amount awarded, $3,375,000.00, plus $40,000.00 intended to cover any interest and plaintiffs costs in the pending appeal. The bond amount of $3,415,000.00 was agreed upon by the parties.  Defendants request seven (7) working days from the granting of this motion to place the bond with a bonding company.

In their response, plaintiffs request that the Court deny the stay on the basis of failure to satisfy the factors set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

## II. Discussion

FEDERAL RULE OF CIVIL PROCEDURE 62(d) allows an appellant to stay a judgment by supersedeas bond. Rule 62(d) states, in pertinent part, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond .... The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Thus, an appellant may obtain a stay of execution of a monetary judgment pending appeal by posting a bond.

Providing security during the pendency of an appeal is a practical means of creating confidence that an already-rendered money judgment will be satisfied. As Judge Posner has explained:

> "The philosophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed. Posting a supersedeas bond is the simplest way of tendering this guaranty but in appropriate cases alternative forms of security are allowed…."

*Lightfoot v. Walker*, 797 F.2d 505, 506–507 (7th Cir.1986).

The applicable factors to be considered when issuing a stay include: (1) the showing of likelihood of success on appeal; (2) the likelihood of irreparable harm absent a court order; (3) the harm to other parties from a possible court order; and (4) the public interest. *Hilton,* 481 U.S. at 776. Specifically, plaintiffs argue that defendants fail to satisfy the first, second and third factors addressing likelihood of success on appeal, irreparable harm absent a court order, and the harm to other parties if the Court were to issue a stay.

Upon consideration of the aforementioned *Hilton* factors and the pending motion and response thereto, the Court finds that the first factor (likelihood of success on appeal) is debatable, and reasonable minds will differ substantially on this issue. Specifically, the Court certainly cannot say there are no arguable issues to be addressed on appeal, as the Court's application of the Rescue Doctrine is likely to be considered as a matter of first impression. Thus, even though the

Court cannot find that the defendants are likely to prevail on appeal, there are issues pending on appeal that bear on the side of granting a stay.

Looking now to the second factor (the likelihood of irreparable harm absent a court order), the Court finds that it would be very difficult for the defendants, should they prevail on appeal, to recover moneys paid. Furthermore, it would be equally difficult if the plaintiffs were to be required to return the funds following resolution of the appeal. Accordingly, the second factor also bears on the side of granting a stay.

Finally, the Court now turns to the third factor (the harm to other parties from a possible court order). The Court finds that the plaintiffs will not shoulder any harm, as the agreed bond amount of $3,415,000.00 will protect them from any commercial failure on the part of the defendants pending the appeal. Furthermore, the Seventh Circuit Court of Appeals is known to be an expeditious court, which suggests that the anticipated wait for resolution of the defendants' appeal should not be prolonged. Therefore, the third factor also bears on the side of granting a stay.[1]

Given that the proposed supersedeas bond in the total amount awarded, $3,375,000.00, plus $40,000.00 to cover interest and costs, was agreed upon by the parties, the Court approves the supersedeas bond in the amount of $3,415,000.00.

---

[1] The final factor, which addresses public interest, is not discussed by defendants and was found to be inapplicable to this case by the plaintiffs. Therefore, the Court will not address the fourth factor.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** defendants' motion (Doc. 194), pending tender of the bond by the defendants. The stay will become effective when defendants post and the Court approves the supersedeas bond, as set forth above. Until the Court approves the supersedeas bond, the judgment remains in full force and effect as to all defendants.

**IT IS SO ORDERED.**

Signed this 8th day of December, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.12.08
16:26:32 -06'00'

**United States District Judge**